## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM T. JONES, | : | |
| Plaintiff, | : | |
| | : | **PRISONER** |
| v. | : | **CASE NO. 3:09-cv-747 (VLB)** |
| | : | |
| THERESA C. LANTZ, et al., | : | |
| Defendants. | : | May 3, 2010 |

### RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #59]

The plaintiff, William T. Jones ("Jones"), currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, commenced this civil rights action pro se. In his amended complaint, he names as defendants Mark Tourangeau, Ellen St. John, Yolanda Sterling, Paul Wilburt, Barbara Savoie, Darrol Little, Melvin Saylor, Lt. Williams, Correctional Officer Massop, Scott Prouty, Nancy Hill Sessa, Dorothy Overstreet, Cynthia R. Gilbert, Dr. Carson Wright and Brian Siwicki in their individual and official capacities. All of the defendants are employees of the Department of Correction or the Correctional Managed Health Care Program at the University of Connecticut Health Center and were assigned to Northern Correctional Institution at all times relevant to this action.

The defendants move to dismiss all claims against them in their official capacities. Although he was provided specific notice of his obligation to respond to the motion to dismiss, Doc. #60, Jones has neither filed a memorandum in opposition to the motion nor sought additional time within which to do so. For

the reasons that follow, the defendants' motion is granted.

## I.  Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (internal citations omitted).  In evaluating this plausibility standard, the Court liberally construes pro se complaints.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## II.  Discussion

Jones asserts federal claims of use of excessive force and deliberate indifference to serious medical needs as well as state law claims of battery.

Jones alleges that several defendant used excessive force against him on May 10, 2006, at Northern Correctional Institution and that other defendants failed to properly treat the broken arm he sustained as a result of the excessive use of force and continued to apply restraints to his injured arm.  Jones alleges a second use of excessive force on June 23, 2006, again at Northern Correctional Institution.  Jones seeks unspecified compensatory and punitive damages.

The defendants move to dismiss all claims against them in their official capacities on the ground that the Eleventh Amendment protects them from suit in their official capacities.  The Eleventh Amendment bars suits for monetary damages against state officials sued in their official capacities.  Kentucky v. Graham, 473 U.S. 159 (1985).  Although the state can waive this immunity from suit, Jones alleges no fact suggesting a waiver in this case and has not opposed the motion to dismiss on this ground.  See Edelman v. Jordan, 415 U.S. 651, 673 (1974) (holding that state may explicitly waive Eleventh Amendment immunity).  Thus, Jones' claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment.

The Eleventh Amendment does not preclude claims for injunctive relief.  See Edelman v. Jordan, 415 U.S. 651, 667-68 (1974) (Eleventh Amendment does not bar claim for prospective injunctive relief).  Although Jones includes in his claim for relief a request for "[a]ny other relief as law or equity may provide,"  Am. Compl., Doc. #54, at 17, he identifies no specific prospective injunctive relief.  In addition, even if he had requested injunctive relief, Jones no longer is confined at

3

Northern Correctional Institution.  Thus, any request for injunctive relief would be rendered moot.  See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) (holding that inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution).

### III.  Conclusion

The defendants' Motion to Dismiss [Doc. #59] is GRANTED.  The case will proceed on the claims against the defendants in their individual capacities.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  May 3, 2010.

4